UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Dejane Draper,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>                    Defendant(s). | 2:25-cv-01119-JAD-MDC<br><br>**ORDER DENYING IFP APPLICATION** |

Pending before the Court is plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP application") (ECF No. 1). For the reasons stated below, the Court DENIES the IFP application without prejudice. The Court defers addressing the Complaint at this time.

**DISCUSSION**

**I. IFP APPLICATION**

   **A. Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed

in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**B. Analysis**

The Court is unable to determine whether plaintiff qualifies for IFP status at this time. Plaintiff's IFP application is incomplete and contains discrepancies. *See generally, ECF No. 1*. Plaintiff appears to report that he is unemployed, given that he reported "N/A" for employment. *Id. at 1*. Plaintiff does report that he receives income from "other sources." *Id.* However, plaintiff fails to report that source and

the amount of money received, as required by question 3 ("If you answered "Yes" to any question above, describe…"). Therefore, the Court finds that plaintiff failed to fully answer question 3 of the IFP application.

Plaintiff reports that he neither has money in his checking and/or savings account nor has other assets such as automobile or real estate. *See ECF No. 1 at 2*. However, plaintiff reports that he pays $2,200 in rent and supports two children, presumably minor based on the complaint (*see ECF No. 1-1, alleging that defendants conspired to remove children from plaintiff's custody*). Without more information on plaintiff's other source of income, the Court is unable to determine how plaintiff is able to pay rent and support his children when he reports no employment or money in his checking and/or savings account. The Court finds that the information reported is inconsistent in the IFP application. Therefore, the Court is unable to determine whether plaintiff qualifies for IFP status at this time.

In sum, plaintiff failed to fully answer the IFP application because there are some inconsistencies in the IFP application. Therefore, the Court denies the IFP application but does so without prejudice. Should plaintiff choose to refile his IFP application, he must file the **long-form** application. Plaintiff must not only fully answer each question, but he must also address deficiencies noted in this Order. Simply answering "N/A" or "Not applicable" is not enough. If there are any changes between plaintiff's IFP application, plaintiff must also explain those changes. Failure to comply with the Court's Order may result in a denial of the application.

**II.  PRO SE and MINOR CHILDREN**

While the Court defers screening plaintiff's Complaint at this time, the Court notes that there is a concern that should be addressed. First, it is unclear whether plaintiff intends to bring this case on behalf of his two children. While litigant in federal court has a right to act as his or her own counsel, *see* 28 U.S.C. § 1654 (1982), that right is an individual right. A non-lawyer "has no authority to appear as an attorney for others than himself." C*.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, plaintiff is cautioned that "a parent or guardian cannot bring an action on behalf of a minor

child without retaining a lawyer." *Johns* v. *Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). If plaintiff wishes to proceed with his claims and name his minor children as plaintiffs, he must secure counsel for his minor children.

If his children are *not* minors, then plaintiff should make that clear in complaint. Furthermore, each plaintiff who seeks to proceed in forma pauperis must file a separate IFP application and each plaintiff must also sign the Complaint.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion/Application to Proceed In Forma Pauperis* (ECF No. 1) is **DENIED without prejudice.**

2. Plaintiff shall either file the long-form IFP application **or** pay the full filing fee by no later than **September 19, 2025**.

3. Failure to timely comply may result in a recommendation that this case be dismissed without prejudice.

4. To the extent plaintiff is naming his minor children as plaintiffs in this matter, plaintiff shall secure counsel for his children by no later than **September 19, 2025.**

DATED this 15th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.